IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HELENE CHUNG, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-11-4079 |
| § | |
| LADYBUG SKINCARE SALON OF § | |
| HOUSTON, TEXAS, VIVIAN PAI, and § | |
| RADIANCY, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this case that has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendant Ladybug Skincare Salon of Houston, Texas' and Vivian Pai's Motion to Dismiss (Document No. 54) and Defendant Radiancy, Inc.'s Motion to Dismiss (Document No.55). Both motions seek dismissal of the claims alleged against them by Plaintiff in her Fourth Amended Complaint. Having considered the motions, the responses, the allegations in Plaintiff's Fourth Amended Complaint, the Order filed on June 6, 2012, that granted Plaintiff leave to amend and required a more definite statement, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Motion to Dismiss of Defendant Radiancy, Inc. (Document No. 55) be GRANTED, and the Motion to Dismiss of Defendants Ladybug Skincare Salon of Houston, Texas and Vivian Pai (Document No. 54) be GRANTED in PART and DENIED in PART.

## I. Background and Procedural History

Plaintiff Helene Chung ("Chung") filed this case on November 18, 2011. In her Original Complaint, Chung alleged that she, upon the advice and recommendation of Defendant Vivian Pai ("Pai"), owner of the Ladybug Skincare Salon of Houston, Texas ("Ladybug"), underwent a photofacial, which severely damaged and/or burned her skin. Defendant Radiancy, Inc. ("Radiancy") is alleged to have manufactured the SkinStation, which was used to do the photofacial. Chung set forth in her Original Complaint claims of strict liability, negligence, "marketing defects," "misrepresentations," and fraudulent concealment against Pai, Ladybug and Radiancy.

Since the filing of the Original Complaint, Plaintiff twice amended her Complaint with leave of Court, and twice amended her Complaint without leave of Court. With each amendment, Plaintiff narrowed her claims to negligence, fraud, DTPA violations, and strict/products liability. Defendants, in response to each iteration of Plaintiff's Complaint, filed Motions to Dismiss. (Document Nos. 6, 25, 28, 35, 36, 42 and 43). On June 4, 2012, a hearing was held on Defendants' then-current, pending Motions to Dismiss. Following the hearing, an Order was entered, which gave Plaintiff until June 22, 2012, to file an amended complaint and a more definite statement. (Document No. 52). Plaintiff's Fourth Amended Complaint was timely filed on June 20, 2012. (Document No. 53). Defendants seek, as they did with each of their previous motions, dismissal of Plaintiff's Fourth Amended Complaint for failure to state a claim.

## II. Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

**III.     Discussion**

In the Fourth Amended Complaint, Chung sets out four state law causes of action against Defendants Pai, Ladybug, and Radiancy: (1) negligence, (2) fraud; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and (4) strict/products liability.

**A.        Negligence**

Pai and Ladybug argue in their Motion to Dismiss that Chung has not stated a claim of negligence because she has "provided only formulaic recitals of the elements without factual support on any individual part." (Document No. 54) at 9.  Radiancy, a bit differently, argues that there are no "facts concerning a duty owed by defendant [Radiancy] to plaintiff, [no] facts concerning a breach of that duty" and no facts "that plaintiff's damages were proximately caused by defendant's breach." (Document No. 55) at 9.

A negligence claim has three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty of care by the defendant; and (3) damages proximately caused by that breach.  *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F.Supp.2d 375, 388 (S.D. Tex. 2011) (citing *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

Here, Chung's factual allegations, when taken as true, and when considered separate and apart from the formulaic recitation of the elements and any legal conclusions, state a claim of negligence against Ladybug and Pai.  In her Fourth Amended Complaint, Chung alleges that she went for a facial at Ladybug, and that Pai told her "that she should have her face treated with DEFENDANT RADIANCY, INC's SkinStation LHE (Light, Heat, Energy) equipment," that the treatment was a "safe and reliable method of therapy with no special requirement in terms of skin care," that "in a few days after treatment she would get a small peel, but would hardly notice it."

Fourth Amended Complaint (Document No. 53) at 2, 3. Chung further alleges that after the treatment/facial, which she underwent upon Pai's recommendation, she experienced a "major peel," and painful burning over the treated area, resulting in what has now been characterized by a plastic surgeon as "post inflammatory hyperpigmentation due 'thermal injury.'" *Id.* at 3, 6. Chung suggests, but does not clearly or directly allege, that Pai should not have treated her entire face without testing a small area for any adverse reactions. *Id.* at 4. Chung also suggests, but does not clearly or directly allege, that the heat level on the machine was too high. *Id.* Finally, Chung faults Pai for advising her that she would have a full recovery in one and a half to two months, which has not happened. *Id.* at 3, 4, 5.

Negligence claims can be based on salon or spa services that go awry. *See e.g., J.C. Penney Corp., Inc. v. Gonzalez-Alaniz*, 2011 WL 2090241 (Tex. App.– Corpus Christi 2011), review denied; *Shugar v. Pat Walker Figure Perfection Salons Int'l*, 541 S.W.2d 511 (Tex. Civ. App. – Eastland 1976). Here, while there are no direct allegations of a duty as between Chung and Ladybug/Pai, such a duty can be inferred. Moreover, there are sufficient allegations, both direct and inferential, that Ladybug/Pai breached the duty of care owed to Chung, and that Chung was damaged thereby. There are sufficient allegations in Plaintiff's Fourth Amended Complaint to state a claim of negligence against Ladybug and Pai.

As for Radiancy, however, there are no such allegations. There are no allegations of a duty as between Chung and Radiancy, and no facts alleged from which a duty could be inferred. In addition, there are no allegations that Radiancy breached any identifiable standard of care, and no facts from which such a breach could be inferred. Plaintiff's Fourth Amended Complaint does not state a negligence claim against Radiancy.

**B.** **Fraud**

Defendants all argue that Chung, at this late date and after having amended her complaint numerous times, has not stated a claim for fraud as is required by FED. R. CIV. P. 9(b). According to Defendants, Chung has provided no facts in her complaint that would support a fraud claim, and has not identified any material, false representation that was made by any of the Defendants.

A common law action for fraud in Texas requires proof of "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). In addition, in pleading a cause of action for fraud, FED. R. CIV. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud." That entails setting forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.) (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)), *reh'g and reh'g en banc denied*, 20 F.3d 1172 (5th Cir. 1994).

Here, Chung's allegations that are specific to her fraud claim are nothing more than legal conclusions. In addition, none of the allegations set forth by Chung in any part of Fourth Amended Complaint, even when they are taken in the light most favorable to her, include any statement or allegation that any of the Defendants *made a representation to her knowing that it was false at the time it was made*. Instead, Chung merely alleges that Pai "incorrectly" advised her about the photofacial, and that Pai was "reckless" in urging Chung to have the photofacial. Fourth Amended Complaint (Document No. 53) at 11, 13.

In the Order to Amend and for More Definite Statement filed on June 6, 2012 (Document No. 52), Chung was instructed to include in her pleading the "time, place and contents of the false representations, as well as the identity of the person making the representation and what [that person] obtained thereby." She has not done that. For that reason, and the additional reason that she has not pled a plausible claim for fraud within the meaning of *Twombly/Iqbal* as against any of the Defendants, and has not met the heightened pleading requirements of Rule 9(b) for fraud claims, Defendants' Motions to Dismiss the fraud claim(s) must be granted.

### C. DTPA

Defendants argue that Chung has not stated a claim for violations of the Texas Deceptive Trade Practices Act. In particular, Defendants argue that despite being instructed to set forth the specific provision(s) of the DTPA upon which her claim(s) are based, Chung has only alleged as follows: "Plaintiff Helene Chung was a 'consumer' in seeking cleaning and nourishing of her face on June 4, 2011, at Ladybug Skincare Salon in Houston, Texas, as she sought, by purchase, goods (facial creams) and services (Vivian Pai's work on her face). . . . Pai had at hand a SkinStation machine designed and made by Radiancy. She used that equipment on Chung and Chung's face has been burned and scarred ever since." Fourth Amended Complaint (Document No. 53) at 15.

Chung has alleged her "consumer" status, a requisite for a DTPA claim. She has, however, alleged virtually nothing else. She has not identified what provision of the DTPA her claim arises under, and has not stated how any act or practice on the part of any Defendant was false, misleading or deceptive. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995) (an essential element of a DTPA claim is that "the defendant engaged in false, misleading or deceptive

acts"). Chung has therefore not stated a plausible DTPA claim against any of the Defendants, and Defendants' Motions to Dismiss the DTPA claim(s) must be granted.

### D. Strict/Products Liability

Defendants maintain that Chung has not stated a strict/products liability claim because she has done nothing more that baldly assert that Defendant's product is "dangerous and defective." There are no allegations as to how the product is defective and Chung has not, despite being instructed to do so, identified with any specificity the type of strict/products liability claim at issue in this case. While Chung did allege in her Original Complaint a "marketing defect" claim, she has not stated her strict/products liability claim in those terms in her Fourth Amended Complaint.

Chung's Fourth Amended Complaint contains allegations that the SkinStation did not have a cooling feature. Fourth Amended Complaint (Document No. 53) at 12. The Fourth Amended Complaint also contains allegations that Radiancy, through its marketing and promotional brochures, represented that its product was "safe." *Id.* at 6. Finally, the Fourth Amended Complaint contains the following statement, "[I]s it not possible that the 'patented internal filters needed to be replaced" and the proprietary algorithms failed to take full advantage of the "skins thermal absorption characteristics?" *Id.* at 14. These allegations, culled after careful review from Plaintiff's Fourth Amended Complaint, may set the stage for each of the three types of strict liability claims – design defect, marketing defect, and manufacturing defective, respectively – but they are insufficient to "state" such a strict/products liability claim.

A product may be considered unreasonably dangerous if there is a "defect in its manufacture, design, or [a] failure to provide adequate warnings or instructions, also known as a marketing defect." *Smith v. Robin America, Inc.,* 773 F. Supp. 2d 708, 714 (S.D. Tex. 2011), *aff'd*, ___ Fed.

Appx. ___, 2012 WL 3124670 (5th Cir. 2012). To prove a design defect, Plaintiff must plead (with sufficient facts) that: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011) (quoting *Timpte Industries, Inc. v. Gish,* 286 S.W.3d 306, 311 (Tex. 2009)). For a manufacturing claim, Plaintiff must prove that "[a] manufacturing defect exists" – that is, that "a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Id.* (quoting *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 800 (Tex. 2006)). Finally, "[a] 'marketing defect' occurs when a defendant knows or should have known of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use." *Id.* (quoting *Dewayne Rogers Logging, Inc. v. Propac Industries, Ltd.,* 299 S.W.3d 374 (Tex. App.—Tyler 2009)).

    First, Plaintiff's allegation that the SkinStation did not have a "cooling feature" cannot, by itself, state a design defect claim. There are no allegations that the SkinStation was defectively designed, no allegations that a cooling feature was needed, and no allegations that the absence of a cooling feature led to the injuries about which Chung complains in this case. Second, the posed possibilities that "the 'patented internal filters needed to be replaced" and the proprietary algorithms failed to take full advantage of the "skins thermal absorption characteristics" cannot, by themselves, state either a manufacturing or a design defect claim. Such possibilities are nothing more than bald speculation. There are no supporting factual allegations that the filters needed to be replaced or that a failure to replace the filters caused Chung's alleged injuries. There are also no allegations that there was some defect or deficiency in the "proprietary algorithms" that rendered the SkinStation

9

unreasonably dangerous and led to Chung's alleged injuries. Third and finally, Plaintiff's allegation that the SkinStation was marketed as "safe" cannot, by itself, state a marketing defect claim. Plaintiff's allegation that the SkinStation was, contrary to the representations in Radiancy's marketing materials, not "safe," is nothing more than a legal conclusion. Moreover, there are no factual allegations as to how the SkinStation was unsafe or unreasonably dangerous.

In all, having combed through Plaintiff's Fourth Amended Complaint, there is an absence of factual allegations that would support a strict/product liability claim based on a design defect, a manufacturing defect, or a marketing defect. Given the absence of such factual allegations, and Chung's failure to comply with the instructions in the Order to Amend and for More Definite Statement for the pleading of a strict/product liability claim, Defendants' Motions to Dismiss the strict/product liability claim(s) must be granted.

## IV.     Discussion – Re-pleading

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 331 F.3d 305, 329 (5th Cir. 2002).

Here, the record does not support allowing a further amendment. Over the course of approximately seven months, Plaintiff has file an Original Complaint, and four Amended Complaints, culminating in the filing of Plaintiff's Fourth Amended Complaint on June 20, 2012.

Defendants have diligently challenged each pleading with a motion to dismiss. Plaintiff's current pleading – Plaintiff's Fourth Amended Complaint – was filed pursuant to the Order to Amend and for More Definite Statement (Document No. 52) filed on June 6, 2012. Based on that Order to Amend and for More Definite Statement, as well as the contents of Defendants' sequential Motions to Dismiss, Plaintiff has long been on notice of the deficiencies in her pleadings and her need to conform to the plausibility requirements in *Twombly*/*Iqbal* as well as Rule 9(b)'s heightened pleading requirements. As set forth above, Plaintiff's Fourth Amended Complaint fails, in all but the negligence claim against Ladybug and Pai, to meet those pleading requirements. The record weighs against allowing any further amendment.

**V.     Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Plaintiff has only alleged sufficient facts to state a claim of negligence against Defendants Ladybug Skincare Salon of Houston, Texas, and that there is no basis for allowing another, further amendment of her pleadings, the Magistrate Judge

RECOMMENDS that Defendant Radiancy, Inc.'s Motion to Dismiss (Document No. 55) be GRANTED, and that Plaintiff's claims of negligence, violations of the Texas Deceptive Trade Practices Act, fraud, and strict/products liability against Defendant Radiancy, Inc. be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim; and that Defendants' Ladybug Skincare Salon of Houston, Texas' and Vivian Pai's Motion to Dismiss (Document No. 54) be GRANTED in PART and DENIED in PART, and that Plaintiff's claims of fraud, violations of the Texas Deceptive Trade Practices Act an strict/products liability against Defendants Ladybug Skincare Salon of Houston,

Texas, and Vivian Pai be DISMISSED pursuant to Rule 12(b)(6), leaving only Plaintiff's negligence claim against Defendants' Ladybug Skincare Salon of Houston, Texas and Vivian Pai.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 11th day of September, 2012.

Frances H. Stacy
United States Magistrate Judge