IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELENE CHUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-11-4079 |
| | § | |
| LADYBUG SKINCARE SALON OF | § | |
| HOUSTON, TEXAS, VIVIAN PAI, and | § | |
| RADIANCY, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANT RADIANCY, INC.'S MOTION FOR SUMMARY JUDGMENT

Pending in this case that has been referred pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendant Radiancy, Inc.'s Motion for Summary Judgment (Document No. 81). In that motion, Defendant Radiancy, Inc. seeks summary judgment on the cross-claim for statutory indemnity that was asserted against it by Defendants Ladybug Skincare Salon of Houston, Texas and Vivian Pai. Having considered the motion, the response in opposition, and the applicable law, particularly the indemnity provisions in TEX. CIV. PRAC. REM. CODE §§ 82.001, *et seq*, and the cases interpreting it, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant Radiancy, Inc.'s Motion for Summary Judgment (Document No. 81) be GRANTED and Defendants Ladybug Skincare Salon of Houston, Texas' and Vivian Pai's cross-claim for indemnity against Defendant Radiancy, Inc. be DISMISSED WITH PREJUDICE.

Plaintiff Helene Chung ("Chung") filed this case on November 18, 2011. In her Original Complaint, Chung alleged that she, upon the advice and recommendation of Defendant Vivian Pai ("Pai"), owner of the Ladybug Skincare Salon of Houston, Texas ("Ladybug"), underwent a

photofacial, which severely damaged and/or burned her skin. Defendant Radiancy, Inc. ("Radiancy") is alleged to have manufactured the SkinStation, which was used to do the photofacial. With her Fourth Amended Complaint (Document No. 53), filed on June 20, 2012, Chung set out four state law causes of action against Defendants Pai, Ladybug, and Radiancy: (1) negligence, (2) fraud; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and (4) strict/products liability. All of Chung's claims against Defendant Radiancy were dismissed on October 2, 2012, pursuant to Rule 12(b)(6) based on her failure to state a claim against Defendant Radiancy. (Document Nos. 69 & 72). With respect to Chung's claims against Ladybug and Pai, all claims except the negligence claim were likewise dismissed. (Document No. 69 & 72). That negligence claim is the only claim by Plaintiff Chung that remains. Defendant Radiancy now seeks summary judgment on the cross-claim filed by Ladybug and Pai for statutory indemnity. Radiancy argues that neither Ladybug nor Pai are "sellers" within the meaning of section § 82.002 of the Texas Civil Practice and Remedies Code, and that this is not a "products liability action."

> Section 82.002 of the Texas Civil Practice and Remedies Code provides in pertinent part:
>
> (a) A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.
>
> * * *
>
> (e) The duty to indemnify under this section:
> (1) applies without regard to the manner in which the action is concluded; and
> (2) is in addition to any duty to indemnify established by law, contract, or otherwise.

Of key import to Defendant Radiancy's arguments are the terms "seller" and "products liability action" in § 82.002(a). A "seller" is defined as one "who is engaged in the business of distributing

2

or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. REM. CODE § 82.001(3). A "products liability action" is defined as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." TEX. CIV. PRAC. REM. CODE § 82.001(2).

Here, there are no allegations, and no summary judgment evidence, that Defendants Ladybug and Pai were sellers of the SkinStation within the meaning of §§ 82.001(3), 82.002(a) of the Texas Civil Practice and Remedies Code. Neither Ladybug nor Pai sold or offered for sale the SkinStation or any product manufactured by Defendant Radiancy. In addition, neither Ladybug nor Pai are "in the business of distributing or otherwise placing" the SkinStation, or any other product manufactured by Radiancy, "in the stream of commerce." Instead, the allegations are that Ladybug and Pai "utilize a SkinStation manufactured by Radiancy, in their normal business operation that they obtained from a third party vendor" and that they "have used the SkinStation for the past several years." Ladybug's and Pai's Original Cross Claim (Document No. 17) at 6-7. Because they used, as opposed to sold, offered to sell, distributed, or placed, the SkinStation in the stream of commerce, neither Ladybug nor Pai are "sellers" within the meaning of §§ 82.001(3), 82.002(a). *See e.g., Smith Services v. Grinnell Corp.*, 294 S.W.3d 357, 359-360 (Tex. App.– Amarillo 2009, no pet.) (where there was no effort by the plaintiff's employer to "'commercially distribute' the tools in question" and it was undisputed that the tool "was acquired for use by the company to perform services others hired it to do," the employer could not be considered a "seller" of the tool for purposes of the indemnity

provisions of section 82.002(a) of the Texas Civil Practice and Remedies Code); *F&F Ranch Occidental Chem. Corp.*, No. 14-09-00901-CV, 2011 WL 1123402 at *4-*5 (Tex. App.–Houston [14th Dist.] March 29, 2011) (an employer who used certain chemicals on his property was not a seller of those chemicals for purposes of the indemnity provisions of section 82.002 of the Texas Civil Practice and Remedies Code in a case brought by an employee for personal injuries related to the use of those chemicals); *Hadley v. Wyeth Laboratories, Inc.*, 287 S.W.3d 847, 850 (Tex. App. — Houston [14th Dist.] 2009, pet. denied) (holding that physician who had prescribed allegedly defective medications was not a seller of those medications for purposes of the indemnity provisions of § 82.002 of the Texas Civil Practice and Remedies Code because he was not in the business of distributing or placing those medications in the stream of commerce); *Culton v. Saks, Inc.*, No. H-04-3001, 2006 WL 2729408 (S.D. Tex. Sept. 25, 2006) (rejecting claim of indemnification under section 82.002 of the Texas Civil Practice and Remedies Code where it was determined that the retailer, Saks, Inc., was not a "seller" of the escalator on which the plaintiff was injured, but was instead itself a "consumer of the escalator").

The cases cited and relied upon by Ladybug and Pai, *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893 (Tex. 2010), *Nazari v. Kohler Co.,* No. 07-50188, 2008 WL 4542850 * 3-*4 (5th Cir. 2008), and *Moses v. Zimmer Holdings, Inc*., No. H-06-1350, 2007 WL 3036096 *5 (S.D. Tex. June 29, 2007), are inapposite.[1]  In *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893 (Tex. 2010), the issue was whether an installer of a product alleged to have been defective was a "seller" of that product

---

[1] The other case cited and relied upon by Ladybug and Pai, *Newmark v. Gimbels. Inc.*, 258 A.2d 697, (N.J. 1969), has no precedential or persuasive value in this case in which it is a Texas indemnity statute that is at issue.

for purposes of the indemnity provisions of § 82.002(a) of the Texas Civil Practice and Remedies Code. In determining that the installer could be considered a "seller," the Texas Supreme Court wrote: "we conclude that when a company contracts to provide a product that is alleged to be defective – like the EIFS system in this case – the company's installation services do not preclude it from also being a seller." *K-2*, 218 S.W.3d at 899. Here, unlike in *K-2,* Ladybug and Pai were using a product, not passing it on to a final consumer through installation services.

In *Nazari*, the issue was whether a retailer that displayed a manufacturer's product was a "seller" of that product within the meaning of § 82.002(a). In determining that the retailer was a seller, and was entitled to indemnification for injuries sustained when the "shower door display" shattered, the Fifth Circuit reasoned: "Kohler manufactured– and Home Depot displayed – the shower door display with the expectation that it would be presented to the consuming public for the commercial purpose of profiting from future sales of that same product." *Nazari*, 2008 WL 4542850 at *4. Here, unlike *Nazari*, the SkinStation was not displayed or marketed for sale by Ladybug and Pai to their customers. Instead, Ladybug and Pai used the SkinStation to provide cosmetic services to their customers.

Finally, in *Zimmer*, one of the issues considered was whether an alleged service provider could be considered a seller for purposes of § 82.002(a) of the Texas Civil Practice and Remedies Code. In determining that there was a reasonable basis for determining that Zimmer Nagel was a seller within the meaning of § 82.002(a), the Court focused on the fact that Zimmer Nagel delivered the allegedly defective product to the hospital where the product was used, and was referred to, at times, as a distributor of the product. *Zimmer*, 2007 WL 3036096 at *5-*6. Here, unlike in *Zimmer*, there are no allegations and no summary judgment evidence that Ladybug and/or Pai placed the

SkinStation into the stream of commerce by delivering it or by acting as a distributor of the SkinStation.

In all, because neither the pleadings nor the evidence show that either Ladybug or Pai are, or ever have been, sellers of the SkinStation or any other product manufactured by Radiancy, the indemnity provided for in section 82.002(a) of the Texas Civil Practice and Remedies Code is not available to them.[2]  Accordingly, the Magistrate Judge

RECOMMENDS that Defendant Radiancy, Inc.'s Motion for Summary Judgment (Document No. 81) be GRANTED and that Defendants Ladybug Skincare Salon of Houston, Texas' and Vivian Pai's cross-claim for indemnity pursuant to TEX. CIV. PRAC. & REM. CODE § 82.001, *et seq.*, be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d

---

[2] Radiancy's other argument, that the indemnity provisions in section 82.001, *et seq.*, of the Texas Civil Practice and Remedies Code do not apply because the Court has determined that Chung has not stated a products liability claim, is rejected as not being consistent with the Texas Supreme Court's analysis in *Meritor Automotive, Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 89-91 (Tex. 2001). In *Meritor*, the Texas Supreme Court concluded that even though there were no longer any product liability claims, such claims having been settled, the remaining negligence claims were part of a products liability action for purposes of statutory indemnity under section 82.001 et seq of the Texas Civil Practice and Remedies Code. Here, while Chung has never stated a products liability claim within the meaning of FED. R. CIV. P. 12(b)(6), she has alleged that Ladybug and Pai, through their negligence, improperly used the SkinStation, and thereby caused her injuries.  Those allegations arguable fall within the scope of a "products liability action" as defined by § 82.001(2) of the Texas Civil Practice and Remedies Code.

89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 12th day of April, 2013.

_____
Frances H. Stacy
United States Magistrate Judge